**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICAN ASSOCIATION OF COLLEGES OF NURSING** )<br><br>**Plaintiff/Counter-Defendant,** )<br><br>**v.** )<br><br>**CASTLEBRANCH, INC.** )<br><br>**Defendant/Counter-Plaintiff** ) | **Case No. 1:23-cv-01949-CKK** |

## JOINT MEET AND CONFER STATEMENT PURSUANT TO RULE 26, FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL CIVIL RULE 16.3(c)

Plaintiff/Counter-Defendant American Association of Colleges of Nursing ("AACN") and Defendant/Counter-Plaintiff CastleBranch, Inc. ("CastleBranch") (collectively the "Parties"), having met and conferred, hereby submit this joint statement pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 16.3(c), and this Court's September 1, 2023 Order for Initial Scheduling Conference.

**A.      Brief Statement of the Case**

This is a breach of contract action arising from a written agreement between AACN and CastleBranch. The basis for the Court's jurisdiction is diversity of citizenship pursuant to 28 U.S.C. 1332. AACN is a non-profit membership organization representing over 865 member nursing schools at public and private universities nationwide. Those member schools enroll over 500,000 nursing students in graduate and nursing programs. CastleBranch is a screening and clinical experience solutions provider that, among other things, provides background screening services to entities and individuals for a fee.

Beginning in or about 2005, AACN and CastleBranch entered a series of contracts called Royalty Agreements, pursuant to which AACN referred its members and their students to CastleBranch for the members' and students' background check needs. CastleBranch offered the AACN-referred customers a discount on CastleBranch's service fees, and AACN received a royalty payment from CastleBranch based on the dollar volume of sales to referred clients. The most recent version of the Royalty Agreement was executed by the parties in 2020 (the "2020 Royalty Agreement").

The parties dispute their respective obligations under the 2020 Royalty Agreement. AACN's Complaint claims that it is owed several hundred thousand dollars in royalty payments based on fees CastleBranch allegedly received from AACN-referred customers. Conversely, CastleBranch's Counterclaim asserts that it is entitled to several hundred thousand dollars in refunds of fees already paid based on AACN's alleged failure to perform its contractual obligations under the 2020 Royalty Agreement. Both parties seek money damages for the alleged breaches, as well as alternative, equitable relief in the form of unjust enrichment and/or quantum meruit. AACN also intends to file for leave to amend its Complaint to add a claim for reformation that seeks reformation of one of the provisions in the 2020 Royalty Agreement based on an alleged mutual mistake.  CastleBranch may also seek to amend its Counterclaim.

**B.      Local Civil Rule 16.3(c) Matters**

**1.      Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

No dispositive motions have been filed in this matter. The parties believe that motions for summary judgment might be filed by either or both parties, depending on the results of discovery.

**2.      The date by which any other Parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

AACN will be filing a motion for leave to file an amended complaint adding one count for reformation. CastleBranch will timely file its response to that. At this time, the parties do not expect the need for any additional amendments to the pleadings, and they do not expect the need to add any parties. The parties believe that, as discovery progresses, they will be able to agree upon and narrow certain factual and legal issues.

**3.      Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should be assigned to a magistrate judge for all purposes, including trial.

**4.      Whether there is a realistic possibility of settling the case.**

The parties believe that there is a realistic possibility that this case can be settled.

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Counsel for both parties have discussed ADR with their clients, and both parties agree that this case could benefit from ADR, in particular mediation. Both parties agree, however, that it is premature to undertake ADR until some discovery has taken place, and until the parties have exhausted their efforts to resolve the matter on their own without the aid of mediation. The parties are currently engaged in both processes.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties may file summary judgment motions depending on the results of discovery. The parties have included dates for the filing of dispositive motions in the attached proposed scheduling order.

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties have agreed to exchange Rule 26(a)(1) disclosures by  November 2, 2023.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties believe that nine months would be an appropriate time frame for the completion of discovery, and propose that discovery be completed by July 15, 2024. The parties do not currently see the need for any protective order, but will address that issue with the Court if such an issue arises. The parties believe that the limits on discovery set by Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a) will be sufficient for this matter.

**9.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties have discussed the possibility of e-discovery protocols and agree that any conference on that issue should be delayed until the issuance of formal discovery requests. The parties anticipate being able to agree on any such protocols, if necessary.

**10.     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties have discussed the scheduling of attorney-client and work-product privilege materials on privilege logs in an effort to reach agreements that will reduce the burden on both sides. The parties do not anticipate the need for an order under Fed. R. Evid. 502.

**11.     Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The parties do not currently expect the need for expert witnesses. If such a need arises, the parties will meet and confer on the discovery procedures for any experts.

**12. In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The parties agree this is not applicable.

**13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that there is no need for bifurcation or managed phasing in this matter.

**14. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties understand that the Court will schedule a pre-trial conference at its convenience. The parties have proposed a conference in November 2024 in the attached scheduling order.

**15. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties believe that a trial date should be set at the pre-trial conference.

**16. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties are not aware of any such issues at this point.

**C.    Proposed Scheduling Order Under Local Civil Rule 16.3(d)**

The parties have attached a proposed scheduling order reflecting the following dates:

1.    Deadline to exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **November 2, 2023.**

2.    Deadline to join additional parties or amend pleadings: **November 2, 2023.**

3.      Deadline to serve discovery requests under Fed. R. Civ. P. 33, 34 and 36: **June 14, 2024.**

4.      Deadline for completion of discovery: **July 15, 2024.**

5.      Deadline to file dispositive motions: **August 16, 2024.**

6.      Deadline to file oppositions to dispositive motions: **September 16, 2024**

7.      Deadline to file replies in support of dispositive motions: **September 30, 2024.**

8.      Pre-trial conference: **November 2024.**

9.      Trial:   **TO BE DETERMINED BY THE COURT**.


Dated: October 11, 2023                    Respectfully submitted,


By:      /s/ *David C. Tobin*
         David C. Tobin, Esq., D.C. Bar No. 395959
         Larry E. Tanenbaum, Esq., D.C. Bar No. 927301
         TOBIN O'CONNOR CONCINO P.C.
         5335 Wisconsin Avenue, N.W., Suite 400
         Washington, D.C. 20015
         Telephone: (202) 362-5900
         dctobin@tobinoconnor.com
         letanenbaum@tobinoconnor.com

         *Counsel for Plaintiff American Association of
         Colleges of Nursing*

By:      /s/  *Alexander  M.  Gormley*
         Alexander M. Gormley
         D.C. Bar No. 1001164
         agormley@williamsmullen.com
         WILLIAMS MULLEN
         301 Fayetteville Street, Suite 1700
         Raleigh, North Carolina 27601
         Telephone: (919) 981.4055
         Facsimile: (919) 981.4300

By:    /s/ *Yasmin Bagha*
           Yasmin Bagha
           D.C. Bar No. 1602520
           ybagha@williamsmullen.com
           WILLIAMS MULLEN
           8350 Broad Street, Suite 1600
           Tysons, Virginia 22102
           Telephone: (703) 760.5200
           Facsimile: (703) 748.0244
           *Counsel for Defendant CastleBranch, Inc.*

7

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **AMERICAN ASSOCIATION OF** | ) |
| **COLLEGES OF NURSING** | ) |
|  | ) |
| **Plaintiff/Counter-Defendant,** | ) |
|  | ) |
| **v.** | ) **Case No. 1:23-cv-01949-CKK** |
|  | ) |
| **CASTLEBRANCH, INC.** | ) |
|  | ) |
| **Defendant/Counter-Plaintiff** | ) |
|  | ) |

**[PROPOSED] SCHEDULING ORDER**

Upon review of Plaintiff/Counter-Defendant American Association of Colleges of Nursing ("AACN") and Defendant/Counter-Plaintiff CastleBranch, Inc.'s ("CastleBranch") (collectively the "Parties") Joint Meet and Confer Statement, the Court enters the following schedule to govern this matter:

1.  Deadline to exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **November 2, 2023.**

2.  Deadline to join additional parties or amend pleadings: **November 2, 2023.**

3.  Deadline to serve discovery requests under Fed. R. Civ. P. 33, 34 and 36: **June 14, 2024.**

4.  Deadline for completion of discovery: **July 15, 2024.**

5.  Deadline to file dispositive motions: **August 16, 2024.**

6.  Deadline to file oppositions to dispositive motions: **September 16, 2024**

7.  Deadline to file replies in support of dispositive motions: **September 30, 2024.**

8.  Pre-trial conference:   **November 2024**

9.  Trial:   **TO BE DETERMINED BY THE COURT**

**SO ORDERED**

Dated: October ___, 2023

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge